PER CURIAM.*
^GRANTED. At issue is the correct interpretation of the Corrections Administrative Remedy Procedure (“CARP”), La. R.S. 15:1171, et seq., and whether the publication requirement in La. R.S. 15:1173 *1256 applies to sheriffs operating parish jails. For the reasons that follow, we find that the court of appeal erred in finding that sheriffs are required to publish their individual administrative remedy procedui-es with the Department of State Register.
In this particular case, Panagiotis Kon-dylis was an inmate at the St. Tammany Parish jail and was allegedly injured during his incarceration. He filed suit against Sheriff Strain and Deputy Perilloux for his alleged injuries. The St. Tammany Parish Sheriffs Office has an administrative remedy procedure which requires an inmate to file a grievance within ninety days of an incident if the inmate has a complaint against the prison and/or prison staff. Failure to exhaust the administrative remedies within the prescribed time period amounts to an abandonment of a legal claim pursuant to La. R.S. 15:1172. This particular grievance procedure of the St. Tammany Parish Sheriffs Office has been in place since 1996 and is described in full in the “Inmate Rules and Regulations” handbook, which is given to all inmates at the time of booking and is posted throughout the jail. Mr. Kondylis failed to comply with the grievance procedure following the alleged incident and instead filed the abovejreferenced2 lawsuit. As a result, Sheriff Strain and Deputy Perilloux filed exceptions of prematurity and no cause of action.
Mr. Kondylis opposed the exceptions, contending that the failure of the St. Tammany Parish Sheriffs Office to publish its administrative remedy procedure in the State Register rendered such procedure invalid. The trial court considered the evidence presented and ruled that Sheriff Strain’s office, as a political subdivision (as opposed to a state agency), was not required to publish its administrative remedy procedure.
The court of appeal reversed, finding La. R.S. 15:1173 specifically provides, “[t]he administrative remedy procedure shall be published in the State Register.” (Emphasis added). In doing so, the court of appeal did not adequately consider the Administrative Procedure Act (“APA”). The APA governs the sheriffs adoption of the administrative remedy procedures articulated in CARP published in the State Register. Specifically, the court of appeal did not give proper weight to the APA’s language that excludes political subdivisions from the requirement of publication. See La. R.S. 49:954(A) (“Each rule making agency shall file a certified copy of its rules with the Department of State Register. No rule ... shall be effective, nor may it be enforced, unless it has been properly filed with the Department of State Register.”); La. R.S. 49:951(2) excludes “political subdivision” from the definition of “agency.”). Instead, the court of appeal emphasized that the more specific rule regarding publication provided by CARP trumped the less specific provisions of the APA and that the two acts should not be read together. It found that the APA was only meant to fill in the gaps created by CARP and that because CARP was not silent on the publication issue, no reference to the APA was necessary.
laSheriff Strain and Deputy Perilloux filed the instant writ application, arguing the court of appeal erred in finding that political subdivisions, such as sheriffs, are required to publish their administrative remedy procedures in the State Register. We agree that the court of appeal’s interpretation is erroneous.
We note that this is a res nova issue so there is no jurisprudential guidance. However, the factual and legislative background are valuable in determining the proper interpretation of the applicable provisions of both CARP and the APA and in *1257 ascertaining the result that their interplay mandates. First, factually relevant and legally telling is the absence from the State Register of any sheriffs published administrative remedy procedures. This fact was presented to the trial court via a letter from the Department of State Register confirming that none of the individual sheriffs offices have published in the State Register. Thus, under the court of appeal’s analysis, all current procedures governing complaints by inmates against sheriffs and parish jail personnel would have no legal force. The absence of any publication by any sheriff warrants close consideration of the statutes themselves and the legislative history behind the statutes.
Upon consideration of this legislative history, we find that CARP was introduced in 1985 to allow the Department of Public Safety and Corrections to adopt an administrative remedy procedure in line with federal guidelines. The original statute included the current language of La. R.S. 15:1173, which provides “[t]he administrative remedy procedure shall be published in the State Register.” In 1988, the legislature amended a different provision of CARP, La. R.S. 15:1172(A), to allow parish sheriffs to implement the administrative remedy procedure used by the Department of Public Safety and Corrections pursuant to the APA:
Upon adoption of the administrative remedy procedure, in accordance with the Administrative Procedure Act, and the implementation of the | procedure within the department or by the sheriff, this procedure shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action they may claim to have against the state of Louisiana, the Department of Public Safety and Corrections, or its employees, the contractor operating a private prison facility or any of its employees, shareholders, directors, or officers, or a sheriff, or his employees or deputies. (Emphasis added).
The court of appeal looked solely to the language of La. R.S. 15:1173 to find that publication of the administrative remedy procedure is a prerequisite for validity of the procedure. However, the language that made the procedure applicable to the sheriffs in the first place (La. R.S. 15:1172) specifically references the APA. Thus, we must look to the APA. To ignore the reference to and content of the APA ignores an important statutory interpretation rule that every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. ABL Mgmt., Inc. v. Bd. of Supervisors of Southern Univ., 00-0798, p. 6 (La.11/28/00), 773 So.2d 131, 135.
The APA requires an a “agency” to file its rules with the Department of State Register, see La. R.S. 49:954(A), and the definition of “agency” articulated therein, see La. R.S. 49:951(2), excludes “political subdivisions,” such as sheriffs. In order to give every word and every provision meaning, the two acts (CARP and APA) must be read in pari materia. Not requiring the sheriffs to publish their individual procedures does not lead to an absurd result; rather, it is logical to conclude that the legislature did not intend to impose a redundant publication requirement. Instead, we find the true purpose of La. R.S. 15:1172 was to allow sheriffs to implement the procedures already adopted and published by the Department of Public Safety and Corrections.
1 r,Notably, the publication statute, La. R.S. 15:1173, which originated prior to the amendment that authorized sheriffs to use the procedure adopted by the Department of Public Safety and Corrections, was nev *1258 er amended to require sheriffs to publish their procedures. Clearly without an amendment to the publication statute to make it applicable to sheriffs, the original language of La. R.S. 15:1173 cannot impose publication obligations on sheriffs since the sheriffs were not contemplated when the statute was originally enacted.
For the above reasons, we find sheriffs are not required to publish their individual administrative remedy procedures in the State Register. Accordingly, we reverse the court of appeal’s ruling and reinstate the trial court’s granting of the exceptions of prematurity and no cause of action.

 Justice Hughes is recused in this matter.